**Dale PENNIE, Petitioner,**

v.

**BENEFITS REVIEW BOARD;**
**et al., Respondents,**

**Mid–Coast Marine; Saif Corporation,**
**Real Parties in Interest.**

No. 08–70121.

United States Court of Appeals,
Ninth Circuit.

Submitted Dec. 15, 2009.*

Filed Dec. 30, 2009.

Dale Pennie, Bandon, OR, pro se.

Thomas Shepard, Benefit Review Board, Clerk of the Benefit Review Board, Washington, DC, Carol Dedeo, Associate Solicitor, Michael Niss, U.S. Department of Labor, Office of the Solicitor, Washington, DC, Phillip Williams, U.S. Department of Labor District Director, San Francisco, CA, for Respondents.

Norman Cole, Esq., Sather, Byerly & Holloway, LLP, Portland, OR, for Real Parties in Interest.

Before: GOODWIN, WALLACE, and FISHER, Circuit Judges.

MEMORANDUM **

Dale Pennie petitions for review of the Benefits Review Board's order issued on October 19, 2007. The Board affirmed the Administrative Law Judge's order denying Pennie's request to modify an earlier award of compensation under the Longshore and Harbor Workers' Compensation Act, 33 U.S.C. §§ 901–950. We dismiss the petition for lack of jurisdiction.

Pennie's petition for review was received by this court more than sixty days after the Board's order issued. Accordingly, we lack jurisdiction to consider the petition. *See* 33 U.S.C. 921(c); *Felt v. Dir., Office of Workers' Comp. Programs,* 11 F.3d 951, 952–53 (9th Cir.1993) (order) (explaining that section 921(c)'s sixty-day filing period is a "jurisdictional requirement," and equitable considerations are unavailing); *see also Stevedoring Servs. of Am. v. Dir., Office of Workers' Comp. Programs,* 29 F.3d 513, 516 (9th Cir.1994) ("The policy requiring that appeals be timely taken is so strong that ministerial failures by a clerk cannot be allowed to overcome it.") (internal quotation marks omitted).

**PETITION FOR REVIEW DISMISSED.**

---

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and except as provided by 9th Cir. R. 36–3.